## KEY BISCAYNE ENTERPRISES, INC. v. DADE COUNTY
### 81-031-AP.
Circuit Court, Eleventh Circuit, Appellate Division
September 29, 1981

John G. Fletcher, for appellant.

Lane Abraham, for appellees.

Before DURANT, TENDRICH and SALMON, J.J.

PER CURIAM.

Affirmed.

SALMON, M., Dissenting.

By ordinance, the County requires that premises used for the sale of alcoholic beverages shall be located at least so many feet away from other premises selling alcoholic beverages, schools, and churches (the "distance requirement")—unless a special exception is granted. The code* establishes the method and criteria necessary to grant an exception.

As I read the applicable provisions, an applicant for a special exception must, among other things, show the necessity for, and the reasonableness of, the requested exception before it can be granted. The showing must be made to the zoning board, which cannot approve the exception until a public hearing has been held. In this case no such showing was ever made.

---

*Sec. 33-311(d), Dade County Code

At the very most, the applicant convinced the professional staff of the board that its establishment would not have an unfavorable effect on the economy of Dade County, and the zoning board adopted the staff's conclusion without ever examining the underlying facts. In short, the applicant was never required, at a public hearing, to show any necessity for, nor reasonableness of, its exception; the objectors, however, if they hoped to defeat the application, were required to prove that the exception would unfavorably affect the County's economy. I find this procedure objectionable for at least two reasons.

The ordinance sets the distance requirement, and requires an applicant to show that an exception be granted. The procedure followed in this case, and probably in all distance requirement cases, is that the exception will be automatically granted unless the objectors proved that the exception will unfavorably affect the economy. In my view neither the ordinance, nor the cases cited to us requires that showing. The law seems to be that even if all criteria are met for an exception, it need not be granted if so doing will have an unfavorable effect on the County's economy.

Secondly, if the Commission wanted the professional staff to pass on these matters, it should have ordained so. There were no facts presented to the zoning board upon which it could decide the necessity and reasonableness of the application, unless the staff's opinion, arrived at prior to the public hearing, upon facts not made public, constitutes facts. I don't believe they do.

Accordingly, I dissent.